IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Equal Employment Opportunity Commission<br><br>Plaintiff<br><br>Alexandra Martinez-Otero<br>Intervenor Plaintiff<br><br>v.<br><br>LIMENOS CORPORATION<br><br>Defendant | CIV. NO.: 20-1143 (SCC) |

**JUDGMENT**

Upon motion by the plaintiff, the Equal Employment Opportunity Commission ("EEOC"), the Court enters a final default judgment against Defendant Limeños Corporation d/b/a Ceviche House ("Limeños or Defendant Limeños") and in favor of the EEOC.[1] This final judgment is entered after

---

[1] This Court had previously entered clerk's default against Defendant on February 19, 2021, docket No. 34, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

having carefully reviewed the record and considered the evidence presented in connection with Plaintiff's Motion at Docket No. 34. Accordingly, it is ORDERED and ADJUDGED as follows:

A. Monetary Relief

1. Ms. Martinez Otero is awarded a total of $130,691. This total award amount is the sum of $77,940 in back-pay, $2,751 in interest, and the total sum of $50,000 for compensatory and punitive damages.

2. The aforementioned amounts shall bear interest at the rate prescribed by 28 U.S.C. § 1961 and shall be enforceable as prescribed by Rule 69(a) of the Federal Rules of Civil Procedure.

3. In addition to monetary relief, the Court finds that the following injunctive relief is warranted based on the admitted facts of record.

| Equal Employment Opportunity v Limenos Corporation | Page 3 |
|---|---|

Therefore, IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the following injunctive relief be and is hereby IMPOSED:

A. Permanent Injunction

1. Defendant Limeños, its owner, and all of Defendant's officers, managers, supervisors, employees, agents, partners, successors and assigns, are enjoined from engaging in or permitting subordinates to engage in unlawful conduct that discriminates on the basis of sex, or that subjects employees to a sexually hostile work environment, in violation of Title VII.

2. Defendant Limeños, its owners, and all of its officers, managers, employees, agents, partners, successors, and assigns, are enjoined from engaging in any form of retaliation against current or former employees because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964

| Equal Employment Opportunity v Limenos Corporation | Page 4 |
|---|---|

or because of the filing of a charge, the giving of testimony or assistance, or assisting and/or participating in any manner in any investigation, proceeding, or lawsuit as a result of an employment practice in violation of Title VII.

B. Specific Injunctive Relief

1. The duration of the obligations set forth in this section shall be five (5) years from the date of entry of this Judgment. Said period shall constitute the "compliance period."

2. In addition to any rights the EEOC has to enforce this Judgment, the EEOC shall have the right to seek Court intervention to enforce the provisions of his section, up to and including three months after the end of the compliance period.

3. In the event the EEOC proves that Defendant Limeños has failed to comply with any provision of this section, Limeños shall pay the EEOC for all

reasonable costs incurred in the proof of such violation(s). The Court may also award such other relief as it deems appropriate in the circumstances.

C. Adoption and Distribution of a Non-Discrimination, No Retaliation Policy.

1. The Policy must provide examples of prohibited conduct, including but not limited to the following:

a.  Verbal: Jokes, insults and innuendoes based on sex; degrading sexual remarks; comments or questions on a persons' body or sex life; pressures for sexual favors; and use of inappropriate sexually offensive language.

b.  Non-Verbal: Gestures; staring; touching, hugging, and patting; blocking a person's movement; standing too close; brushing against a person's body; and displaying sexually suggestive or degrading pictures.

| | |
|---|---|
| Equal Employment Opportunity v Limenos Corporation | Page 6 |

2. The Policy must specify the following:

   a. Prohibited behavior will not be tolerated from its employees, customers, clients and any other persons present at any of Defendant Limeños' premises or where Defendant Limeños conducts business.

   b. Employees who make such complaints or provide information related to such complaints will be protected against retaliation.

   c. Employees will not be required to complain of sex-based discrimination directly to the individual that is engaged in the discriminatory behavior.

   d. Defendant will take immediate and appropriate corrective action when the company determines that sex-based discrimination has occurred; and

   e. Employees who violate the policy are subject to discipline, up to and including discharge.

| Equal Employment Opportunity v Limenos Corporation | Page 7 |

3. Defendant Limeños shall provide the EEOC a copy of the Policy for review. The EEOC's review shall be limited to compliance with this Order.

4. Defendant Limeños shall distribute the Policy in writing to all its employees, managers, executives and owners before August 31, 2021.

D. Notice

1. Within fourteen (14) calendar days from the Court's entry of Final Default Judgment, Defendant Limeños shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit 1 hereto.

2. The Notice shall remain posted for five (5) years. Defendant Limeños shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.

| Equal Employment Opportunity v Limenos Corporation | Page 8 |
|---|---|

3. Within thirty (30) calendar days from the Court's entry of Default Judgment, Defendant Limeños shall certify to the EEOC in writing that the Notice has been properly posted as described in this paragraph.

E. Training

1. Owners, officers, managers, and administrative assistants shall undergo training once annually for at least 1 hour on the following:

(1) an explanation of the prohibition against sex discrimination under Title VII; (2) an explanation of the rights and responsibilities of managers and employees under Title VII and the Policy; (3) examples of a sexually hostile work environment; (4) examples of harassment on the basis of sex; (5) examples of different forms of retaliation, including harassment and disparate treatment; (6) guidelines and procedures for best practices to follow in responding to complaints of sex discrimination; (7) guidelines on best practices

to follow when investigating complaints of sexual harassment and interviewing potential victims of sexual harassment. This is "Manager Training."

2. The Manager Training shall be conducted by an outside organization mutually agreed upon with the EEOC.

3. The first Manager Training shall be conducted before July 31, 2021.

Thereafter, there shall be one Manager training in July of each calendar year 2022, 2023, 2024, 2025, for a total of five Manager trainings before the expiration of the decree.

   F. Reporting

1. Defendant Limeños shall provide a written report to the EEOC once annually on the following dates: August 31, 2021, August 31, 2022, August 31, 2023, August 31, 2024, August 31, 2024, August 1, 2025.

2. Each such Report shall contain the following provisions:

| Equal Employment Opportunity v Limenos Corporation | Page 10 |
|---|---|

    a.  A certification that Defendant Limeños conducted all Manager Training required in section F and a list of attendees to the Manager Training.

    b.  A certification that Defendant Limeños has made and/or maintained the posting required in section D.

    c.  A certification that Defendant Limeños has distributed the Policy pursuant to section C.

    d.  Including the following information on reports of sex-based discrimination: (1) a description of each complaint of sex-based discrimination received by Defendant within the reporting period preceding the report, whether verbal or written, including the names, last known home addresses, home telephone numbers, and cellular telephone numbers of the complaining parties; (2) a description of what action, if any, Defendant took in response to the complaint of discrimination; (3) the names of any witnesses to each complaint; and (4) the resolution of each complaint.

| Equal Employment Opportunity v Limenos Corporation | Page 11 |
|---|---|

G. This Judgment of Injunctive Relief is binding upon Defendant Limeños and purchasers, successors, and assigns. Before executing an agreement to sell, assign, consolidate, or merge with another company, Defendant Limeños must provide the entity entering into such agreement with a copy of this Judgment.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of June 2021.

       S/ SILVIA CARREÑO-COLL
       UNITED STATES DISTRICT COURT JUDGE