IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Plaintiff,

ALEXANDRA MARTÍNEZ- OTERO

Intervenor-Plaintiff,

v.

LIMEÑOS CORPORATION D/B/A
"CEVICHE HOUSE"

Defendant

CIV. NO.: 20-1143 (SCC)

## OMNIBUS OPINION AND ORDER

Pending before the Court are Attorney Marcelle D. Martell Jovet's ("Attorney Martell-Jovet") twofold request to withdraw as counsel of record for Defendant Limeños Corporation ("Defendant Limeños) and for this Court to set aside the entry of default judgment ("Motion to Withdraw and Set Aside Entry of Default Judgment"), *see* Docket No. 39,

as well as Defendant Limeños's Motion for Reconsideration to Vacate Entry of Default and Default Judgment ("Motion for Reconsideration"), *see* Docket No. 40, and Defendant Limeños's Motion to Vacate Default Final Judgment and Request for Acceptance of the Answer to the Complaint ("Motion to Vacate"), *see* Docket No. 45.

For the reasons set for the below, Attorney Martell-Jovet's Motion to Withdraw and Set Aside Entry of Default Judgment is GRANTED in part and DENIED in part. Defendant Limeños's Motion for Reconsideration is DENIED in part and GRANTED in part. Lastly, Defendant Limeños's Motion to Vacate is DENIED. We consider each motion in turn.

I. **Analysis**

   A. **Attorney Martell-Jovet's Motion to Withdraw and to Set Aside Entry of Default Judgment at Docket Number 39**

   1. **Request to Withdraw as Attorney for Defendant Limeños**

In her motion, Attorney Martell-Jovet informs that, Defendant Limeños has requested that she withdraw as

attorney of record in this case. *See* Docket No. 39 at ¶ 17. She further adds that, Defendant Limeños intends to hire the legal services of Attorney Jesús Morales ("Attorney Morales") for purposes of the instant litigation. *Id.*

On July 29, 2021, Attorney Morales filed his notice of appearance before this Court. Docket No. 42. There, he specified that Attorney Nelson Robles would remain as Defendant Limeños legal representative in the bankruptcy case but that he, and his law firm, Bufete Morales Cordero, PSC, would be handling the instant case. *Id.* at ¶¶ 1-3. Therefore, it is clear from the record that, if the Court grants Attorney Martell-Jovet's request to withdraw from this case, Defendant Limeños would not be left without legal representation here. As such, not much is left for this Court to consider or say regarding this request other than to GRANT the same.

## 2. Request for the Entry of Default Judgment to be Set Aside

Federal Rule of Civil Procedure 55(c) ("Rule 55(c)") instructs that a party wishing to have a final default judgment set aside must file a motion pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). *See* Fed. R. Civ. P. 55(c). Generally speaking, a party's motion under Rule 60(b) must show that "[the] motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, [the party] has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002).

While Rule 60(b) provides six distinct avenues for relief, here, Attorney Martell-Jovet anchors her request for this Court to set aside the default judgment entered at Docket Number 38, to Federal Rule of Civil Procedure 60(b)(1) ("Rule

60(b)(1)").[1] *See* Docket No. 39 at ¶ 18. That rule "provides that 'mistake, inadvertence, surprise, [and] excusable neglect' are grounds for relief from a final judgment." *U.S. v. $29,373.00 in U.S. Currency*, 86 F.Supp.3d 95, 99 (D.P.R. 2015) (quoting Fed. R. Civ. P. 60(b)(1)).  In her motion, Attorney Martell-Jovet relies on the "excusable neglect" component of Rule 60(b)(1). *See* Docket No. 39 at ¶ 18.

Motions relying on "excusable neglect" call for the Court to render "an equitable determination, taking into account the entire facts and circumstances surrounding the party's omission, including factors such as the danger of prejudice to the non-movant, the length of the delay, the reason for the

---

[1] The Court does not overlook the fact that, in her motion Attorney Martell-Jovet mentions Federal Rule of Civil Procedure 6(b)(1)(B) ("Rule 6(b)(1)(B)"). Docket No. 39 at ¶ 18. Indeed, akin to Rule 60(B)(1), Rule 6(b)(1)(B) includes the term "excusable neglect". *See* Fed. R. Civ. P. 6(b)(1)(B). However, the Court need not consider Rule 6(b)(1)(B), for that rule states that the Court may extend the time necessary for a certain act that had to be completed within a specific time "on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.* In her motion, Attorney Martell-Jovet does not include a request to extend time.

delay, and whether the movant acted in good faith." *Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). And key to the Court's analysis is the reason for the delay. *See Hospital del Maestro v. Nat'l Labor Relations Bd.*, 263 F.3d 173, 175 (1st Cir. 2001).

Attorney Martell-Jovet reasons that the following explanations are enough to satisfy Rule 60(b)(1)'s "excusable neglect" component: (1) she only appeared on behalf of Defendant Limeños on a limited basis, in order to file a motion to stay; (2) she was confused as to whether the attorneys at the helm of the bankruptcy case would take over for her in the instant case; (3) the electronic notification informing that the Equal Employment Opportunity Commission ("EEOC") moved for the entry of default judgment went to her spam folder instead of to her inbox; (4) there was a COVID-19 outbreak at one of her client's facilities that she had to tend to; and (5) two of her close friends passed

away. Although we are sorry for her loss and are aware of the difficulties brought upon by the COVID-19 pandemic, Attorney Martell-Jovet's explanations do not amount to the level of "excusable neglect" which would call for the Court to set aside the default judgment entered at Docket Number 38.

For starters, Attorney Martell-Jovet's contention that her engagement with Defendant Limeños was limited to the filing of a motion to stay in the instant case falls flat, for a look at the record paints a different picture. Specifically, the record reveals that Attorney Martell-Jovet sought two extensions of time to file an answer to the complaint in this case. *See* Docket Nos. 27 and 29. And in one of those extensions of time, she indicated that she had drafted an answer to the complaint but had not been able to discuss it with her client. *See* Docket No. 29 at ¶ 9. More importantly, she remained the attorney of record in this case and did not file a motion to withdraw, until now. Similarly, as far as her purported confusion regarding whether she would stay on as legal representative for Defendant Limeños in this case, as noted, she never filed a

motion to withdraw, until now, therefore as long as she remained attorney of record and did not move the Court to allow her to step down from this case, her argument is unavailing. As for whether the electronic notification of the EEOC's motion for entry of default judgment went to her spam folder instead of her inbox, Attorney Martell-Jovet does not provide any evidence confirming that such was in fact the case nor does she provide any evidence that the Clerk's entry of default also went to her spam folder. While the Court does not intend to downplay the importance of the personal situations that Attorney Martell-Jovet has had to endure, she could have sought additional extensions of time or other relief during this time, but she failed to do so. *See Dávila-Álvarez*, 257 F.3d at 65 (stating that "a lawyer's duty of diligence transcends both upheaval at work and personal tragedy.")

The Court acknowledges that, in her motion, Attorney Martell-Jovet assumes responsibility for her missteps and even goes as far as stating that she is willing to accept the imposition of monetary sanctions if the Court sets aside the

default judgment. Docket No. 39 at ¶¶ 24-25. However, her explanations do not satisfy Rule 60(b)(1), and, at the end of the day, it still holds true that, "the neglect of an attorney acting within the scope of his or her authority is attributable to the client." *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 38 (1st Cir. 2013). Accordingly, the request to set aside the entry of final default judgment—as advanced by Attorney Martell-Jovet—is DENIED. The Court notes that the explanations provided also fail to satisfy Rule 55(c)'s laxer "good cause" standard.

### B.  Defendant Limeños's Motion for Reconsideration at Docket Number 40
#### 1.  Request to Set Aside Default

Defendant Limeños moves the Court to reconsider its Order at Docket Number 37 denying Defendant Limeños's request to have the Clerk's entry of default at Docket Number 33 set aside.[2] Docket No. 40. The Court notes that, in our

---

[2] To recapitulate, the EEOC moved for the entry of default, *see* Docket No. 31, the Court granted this request, *see* Docket No. 32, and the Clerk entered the default, Docket No. 33.

Order at Docket Number 37 we relied on Rule 60(b) to deny Defendant Limeños's Motion to Set Aside Default at Docket Number 35. But Rule 55(c) states in pertinent part that "[t]he [C]ourt may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The First Circuit has noted that "[t]here is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors." *Indigo Am., Inc. v. Big Impressions, LLC,* 597 F.3d 1, 3 (1st Cir. 2010). These factors include, but are not limited to the following:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion [to set aside the entry of default].

*See KPS & Associates, Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 12 (1st Cir. 2003).

Albeit the Court's initial reliance on Rule 60(b) instead of the "good cause" requirement enounced in Rule 55(c), when applying the "good cause" standard, we reach the same conclusion: Defendant Limeños's request to set aside the Clerk's entry of default must be denied. Defendant Limeños's motion at Docket Number 35 does not satisfy the good cause standard for not only was it filed almost four months after the Clerk's entry of default, but the request advanced therein was anchored to blank assertions stating that the EEOC would not be prejudiced if the default were set aside and that it would then be able to set forth "its meritorious defenses". Docket No. 35 at ¶ 8. Defendant Limeños, however, did not develop or expand upon those assertions.

Moreover, while Defendant Limeños argued that Attorney Martell-Jovet's oversights should not be "attributed" to it, and that "[its] previous legal representatives, in both Bankruptcy and District Courts failed to timely and/or properly represent all [of Defendant Limeños's] legal interests in this case[,]" *id.* at ¶¶ 5 and 7,

shifting blame and responsibility does not do Defendant Limeños any good here. *See Rivera-Velázquez v. Hartford Steam Boiler Inspection and Ins. Co.*, 750 F.3d 1, 6 (1st Cir. 2014) (noting that that "in litigation matters, lawyers act for their clients[.]"); *see also Dávila-Álvarez,* 257 F.3d at 65 (explaining that "an attorney has an ongoing responsibility to inquire into the status of a case."). Accordingly, Defendant Limeños's request to reconsider our Order at Docket Number 37 regarding the entry of default is DENIED.

### 2. Request to Set Aside Default Judgment Pursuant to Federal Rules of Civil Procedure 55(c) and 59(e)

Defendant Limeños's request to set aside the default judgment entered at Docket Number 38 is brought pursuant to Federal Rules of Civil Procedure 59(e) ("Rule 59(e)") and Rule 55(c), which states that a party wishing to set aside the entry of default judgment must do so pursuant to Rule 60(b). *See* Fed. R. Civ. P. 55(c) (explaining that a party may move the Court to "set aside a final default judgment under Rule 60(b)"). Defendant Limeños cites to both rules but does not

specify under which it has anchored its arguments to set aside the entry of default judgment. In turn, the EEOC structured its Opposition to the Motion for Reconsideration, *see* Docket No. 41, by addressing the Rule 60(b) elements generally considered when dealing with a motion to set aside a default judgment in addition to addressing the arguments raised by Defendant Limeños that did not necessarily fall within that rule. In its Reply, *see* Docket No. 44-1, Defendant Limeños rehashes its arguments in support of its Motion for Reconsideration.

To the extent that, once the EEOC raised Rule 60(b) as the rule under which a request to set aside the entry of default judgment should be advanced and Defendant Limeños in its Reply relied on Attorney Martell-Jovet's recognition that she failed to follow through with this case, although a stretch, the Court could construe Defendant Limeños's request to have the entry of default judgment set aside as one brought pursuant to 60(b)(1)'s "excusable neglect" option. Specifically, in its Reply, Defendant Limeños averred that,

because Attorney Martell-Jovet assumed responsibility for
the chain of events that resulted in the entry of default and
subsequent entry of default judgment, the Court "should
refuse [the EEOC's] invitation to blame and punish
Defendant [Limeños] for omissions that were not under their
control." Docket No. 44-1 at ¶ 9. However, as discussed
throughout this Omnibus Opinion and Order, this argument
misses the mark, for the "failings of an attorney are visited
upon [his or her] client[,]" *Rivera-Velázquez*, 750 F.3d at 6, and
Attorney Martell-Jovet's explanations for her actions—or lack
thereof—do not amount to the level of "excusable neglect"
necessary to warrant the setting aside of a default judgment.[3]
As such, the Court finds that Defendant Limeños has not
satisfied the Rule 60(b) standard that Rule 55(c) sets forth in
order for the Court to set aside the entry of a default

---

[3] For the same reasons, Defendant Limeños's insistence that it should not
face the consequences of Attorney Martell-Jovet's missteps, also fail to
satisfy the laxer "good cause" standard to set aside an entry of default
under Rule 55(c).

judgment.

### 3.  Rule 59(e)[4]

"Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence."

---

[4] The First Circuit has yet to decide whether a default judgment may be set aside pursuant to Rule 59(e). In *Venegas-Hernández v Sonoloux Records,* 370 F.3d 183, 188 (1st Cir. 2004), the First Circuit stated that "[i]t is by no means clear that a Rule 59(e) motion is even a valid mechanism for altering or amending a default judgment. It is arguable that Rule 55(c) provides the exclusive means for challenging a default judgment through Rule 60(b), which allows relief from a judgment or order." But ultimately, the *Venegas-Hernández* court did not have to decide whether, in addition to a Rule 60(b) motion, a Rule 59(e) motion could be used in order to set aside a default judgment, because it considered this issue to have been waived by plaintiffs. Accordingly, the *Venegas-Hernández* court proceeded to conduct an analysis as to whether the district court abused its discretion when it granted the Rule 59(e) motion seeking to reduce the amount of damages awarded in the default judgment. By doing so, the *Venegas-Hernández* court, provided guidance as to how a district court could evaluate a Rule 59(e) motion seeking to alter a default judgment. The *Venegas-Hernández* court noted that "[a]ssuming Rule 59(e) is available at all, we think it is clear that the default context is something that a district court can consider in exercising its discretion." *Id.* at 191. Here, it is worth mentioning that, while the EEOC stated that a motion to set aside the entry of a default judgment should be analyzed pursuant to Rule 60(b), it also considered the arguments that appear to have been raised by Defendant Limeños pursuant to Rule 59(e).

*Kansky v. Coca-Cola Bottling Co. of New Eng.*, 492 F.3d 54, 60 (1st Cir. 2007). In its Motion for Reconsideration, Defendant Limeños raises two purported errors of law. Both are tied to allegations that it was not afforded due process throughout the entry of default judgment process. On the one hand, Defendant Limeños argues that it was not given proper notice pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Rule 55 (b)(2)") prior to a hearing on damages. On the other hand, Defendant Limeños contends that, pursuant to that rule, the Court was obligated to hold a hearing on damages but failed to do so. Because the alleged errors of law are intertwined, the Court will discuss them jointly.

Rule 55 (b)(2) states in pertinent part that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55 (b)(2). In both its Motion for Reconsideration and Reply, Defendant Limeños does not contest that it was notified as to

the EEOC's Motion for Entry of Default Judgment at Docket
Number 34, rather, it argues that it was not notified as to the
hearing. This brings us to the remainder of Rule 55(b)(2)
which states that: "[t]he court may conduct hearings or make
referrals—preserving any federal statutory right to a jury
trial—when, to enter or effectuate judgment, it needs to: (A)
conduct an accounting; (B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or (D)
investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A) – (D).
The Court, however, did not find it necessary to hold such
hearings at the time and granted the EEOC's request at
Docket Number 34.

Defendant Limeños disagrees with the Court's course of
action. It argues, instead, that the Court should have held a
hearing regarding damages because this was not a sum
certain case or a case whereby the damages requested could
be easily computed. However, the Court has considerable
discretion in determining whether a hearing on damages is
necessary, for it may obviate the same "if arriving at the

judgment amount involves nothing more than arithmetic—
the making of computations which may be figured from the
record—a default judgment can be entered without a hearing
of any kind." *HMG Property Investors, Inc. v. Parque Indus. Rio
Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988); *see also In re The
Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002). In this
vein, the Court initially found that the declaration of
Intervenor-Plaintiff, Alexandra Martínez-Otero ("Intervenor-
Plaintiff Martínez-Otero"), *see* Docket No. 34-1, and the
record, were enough to ascertain the damages requested. This
logic follows, that, because no hearing for any of the events
listed in Rule 55(b)(2)(A) – (D) was deemed necessary and
therefore did not take place, a notice regarding such a hearing
was not necessary. Again, the Court reiterates that, pursuant
to our reading of Defendant Limeños's Motion for
Reconsideration and Reply, the purported failure to notify
did not concern whether they received or did not receive the
EEOC's Motion for Entry of Default Judgment in the first
place. Accordingly, the default judgment will not be set aside,

and Defendant Limeños's Motion for Reconsideration is
DENIED as to this matter since we find that no due process
violation was committed given that no hearing was deemed
necessary at the time.

However, upon further examination of the record, and
having    considered    Defendant    Limeños's    repeated
contentions that the record is bereft of evidence that would
support the damages awarded as part of the default judgment
entered, the Court will VACATE the damages portion of the
default judgment—not the entry of the default judgment—
and schedule a hearing for the sole and exclusive purpose of
determining damages.

### C. Defendant Limeños's Motion to Vacate at Docket Number 45

#### 1. Request to Set Aside Default Judgment Pursuant to Rule 60(b)(1)

The Court already discussed Rule 60(b)(1)'s requirements
in this Omnibus Opinion and Order. It need not revisit them
again. In its Motion to Vacate, Defendant Limeños leans on
the "excusable neglect" argument as advanced by Attorney

Martell-Jovet in her motion at Docket Number 39. In doing so, it adopts the arguments raised by Attorney Martell-Jovet in her motion, and expands upon the arguments it presented in its Motion for Reconsideration. The different ingredient here is that Defendant Limeños has attached to its Motion to Vacate an "unsworn statement under penalty of perjury" signed by Daniel Sorogastúa Ruffner, President of Limeños Corporation and Marcelo López Mandujano, Secretary of Limeños Corporation (collectively, "Limeños Principals"). Docket No. 45-2. Considerable ink was spent on that document in order to continue pointing fingers, but one thing is clear: those at the top of the food chain, namely the Limeños Principals, were aware of the instant litigation and the purported steps that had to be taken to keep the wheels in motion regarding this matter. It is particularly noteworthy that, even when the Limeños Principals state that on December 4, 2020, their legal counsel at the time represented that an answer to the complaint would be filed "early next week," they did not receive or review a draft of the same prior

EEOC et al., v.                                                              Page 21
LIMEÑOS CORP.

to August 2021. *Id.* at ¶¶ 9, 11. Therefore, even when armed
with this information, they failed to follow up with this case
and confirm whether their legal counsel at the time had
followed through with the representation to the effect that the
answer to the complaint would be filed "early next week." *See
Taylor v. Boston and Taunton Transp. Co.*, 720 F.2d 731, 732-733
(1st Cir. 1983) (holding that the district court did not abuse its
discretion when it rejected a company's arguments requesting
to have the default judgment set aside when the company's
president was aware of the litigation and could have made
"some further inquiry either directly to the court or through
a different attorney to ascertain the true status of the case.")
Therefore, for this reason and the reasons already stated in
this Omnibus Opinion and Order addressing "excusable
neglect" under Rule 60(b)(1), the Court does not find that the
default judgment should be set aside.

### 2. Request to Set Aside Default Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6)

Defendant Limeños also argues that pursuant to Federal Rules of Civil Procedure 60(b)(4) ("Rule 60(b)(4)") and 60(b)(6) ("Rule 60(b)(6)"), the default judgment should be set aside. While Rule 60(b)(4) allows for the setting aside of a judgment if the same is void, Rule 60(b)(6) is the catch all provision which requires the movant, here, Defendant Limeños to set forth extraordinary circumstances. *See Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 (1st Cir. 2001) (noting that "[d]istrict courts should grant Rule 60(b)(6) motions only where exceptional circumstances justifying extraordinary relief exist.") (internal citations and quotations omitted).

Defendant Limeños raises the same arguments it raised in its Motion for Reconsideration regarding the purported lack of due process concerning the notice and hearing requirements enounced in Rule 55(b)(2). As noted in our analysis above, the Court found that no due process violation

had taken place given that no hearing was held or found to be necessary at the time. However, upon reconsideration, it has opted to schedule an evidentiary hearing for the sole purposes of determining damages. As such, for the same reasons explained above, the attempts to set aside the default judgment under Rule 60(b)(4) and Rule 60(b)(6) as to the alleged lack of due process miss the mark here.

### 3. Request to Set Aside Default Judgment Due to Lack of Evidence

Defendant Limeños argues that the Court erred when it did not hold a hearing to determine damages, for the evidence on the record was not enough for the Court to take such action. This argument mirrors the argument raised by Defendant Limeños in its Motion for Reconsideration, and in the previous section regarding Rule 60(b)(4) and 60(b)(6). For the same reasons expressed above, the Court need not further entertain this argument. Am evidentiary hearing on damages will be set by separate order.

### 4.  Meritorious Defense

Defendant Limeños also argues that it has meritorious defenses that should be considered by this Court. But a meritorious defense is just one of the elements for this Court to consider given that "a party who would have a default judgment set aside must show both that there is good reason for the default and the existence of a meritorious defense." *Taylor,* 720 F.2d at 733 (internal citations and quotations omitted). Here the purported facts that set forth the "meritorious defenses" were copy pasted from the "Affirmative Defenses" section of Defendant Limeños's proposed answer to the EEOC's complaint attached at Docket Number 45-1. The Court views this as a rather belated attempt to answer the complaint.[5] More fundamentally, as discussed

---

[5] A look at the record reveals that, the EEOC filed a Motion to Compel requesting that Defendant Limeños file its answer to the complaint on October 13, 2020. Docket No. 25. The Court granted that request and set an October 30, 2020 filing deadline. Docket No. 26. After that, two extensions of time were filed, with the last one proposing a November 11, 2020 filing deadline, however, no answer was filed. *See* Docket Nos. 27 and 29. No other attempts were made to file an answer to the complaint,

throughout this Omnibus Opinion and Order, Defendant
Limeños has not provided a good reason for the default
judgment, or the default—for that matter—to be set aside.
Therefore, our analysis ends here. *See Taylor*, 720 F.2d at 733
(noting that even if the movant were to have articulated a
meritorious defense, it failed to state a good reason for the
default judgment to be set aside).

## II. Conclusion

In light of the above:

- Attorney Martell-Jovet's motion at **Docket Number 39**
  is **GRANTED** in part, for the Court will allow her
  withdrawal as attorney of record but is **DENIED** in
  part as far as her request for the default judgment
  entered at Docket Number 38 to be set aside is
  concerned;

- Defendant Limeños's Motion for Reconsideration at
  **Docket Number 40** is **DENIED** in part and

---

that is, until now, almost a year later after the Court ordered Defendant
Limeños to answer the complaint.

> **GRANTED** in part. The Court will not vacate the entry
> of default and default judgment; however, it will
> **VACATE** the damages portion and hold an
> evidentiary hearing regarding that matter. The
> evidentiary hearing will be scheduled and notified to
> the Parties via separate order;

- Defendant Limeños's Motion to Vacate at **Docket Number 45** is **DENIED**; and

- Lastly, the Court hereby **ORDERS** that Intervenor-Plaintiff Martínez-Otero submit her position regarding whether she intends to continue litigating the instant matter. Intervenor-Plaintiff Martínez-Otero must do so on or before **September 24, 2021.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of September, 2021.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE